UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **JOSHUA MARK JOHNSON,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:10 CV 356<br>)<br>) |
| **J. HARBER,** *et al.*, | )<br>) |
| Defendants. | ) |

## OPINION and ORDER

Joshua Mark Johnson, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. These claims are brought pursuant to 28 U.S.C. § 1983. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Johnson alleges that Officer J. Harber used his cell phone to take video of him without written permission. He alleges that the officer then showed the video to

Corporal Pruden. The Fourth Amendment protects against unreasonable searches and seizures, but Johnson was an inmate at the jail and "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984). "Surveillance of prisoners is essential, as [*Bell v.*] *Wolfish*[, 441 U.S. 520 (1979)] establishes. Observation of cells, showers, and toilets is less intrusive than the body-cavity inspections *Wolfish* held permissible. Guards do the surveillance." *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995). Thus his permission, written or otherwise, was unnecessary.

Johnson alleges that Corporal Pruden ordered the lock-down of his cell block as punishment. Pre-trial detainees may not be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). A pre-trial detainee is entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974), before imposition of punishment for a disciplinary infraction. Nevertheless not every placement of a pre-trial detainee in segregation (or on lock-down) constitutes punishment, and when done for legitimate security reasons without a hearing does not violate due process. *Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995). Though there may have been a legitimate security reason for the lock-down, giving Johnson the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, this allegation states a claim against Corporal Pruden.

Lastly, Johnson alleges that the Allen County Sheriff is liable for allowing these events to occur. He also alleges that the Sheriff denied him access to legal materials and

did not permit him to be a part of an investigation. First, "[t]he doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch,* 555 F.3d 592, 596 (7th Cir. 2009). Furthermore, there is no "abstract, freestanding right to a law library" or legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Here, Johnson has not alleged that he suffered any actual injury as a result of being denied these unidentified legal materials, nor (based on this complaint) would it be reasonable to infer that he did. Finally, "[T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance." *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Neither does it require that the Sheriff permit an inmate to participate in an investigation.

For the foregoing reasons, the court:

(1) **GRANTS** Joshua Mark Johnson leave to proceed against Corporal Pruden in his individual capacity for monetary damages for punishing him without due process on June 1, 2010, in violation of the Fourteenth Amendment.

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Officer J. Harber and the Allen County Sheriff;

3

(4) **DIRECTS** the clerk to transmit the summons and USM-285's for Corporal Pruden to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Corporal Pruden; and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Corporal Pruden respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff been granted leave to proceed in this screening order.

**SO ORDERED**.

Date: February 23, 2011

                                              s/James T. Moody
                                              JUDGE JAMES T. MOODY
                                              UNITED STATES DISTRICT COURT