UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOSHUA MARK JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:10-CV-356 RBC |
| v. | ) |
| | ) |
| VANCE PRUDEN, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

Joshua Mark Johnson, a *pro se* prisoner, is proceeding in this case on a single claim against Corporal Vance Pruden in his individual capacity for monetary damages for punishing him without due process on June 1, 2010. In his complaint, Johnson alleged that Corporal Pruden ordered the lock-down of his cell block as punishment in violation of the Fourteenth Amendment. On January 13, 2012, the defendant moved for summary judgment arguing that he did not order the lock-down and that Johnson cannot produce evidence showing that he was involved in the decision to lock-down his cell block.

In accordance with Northern District of Indiana Local Rule 56-1(f), Johnson was provided with the notice set forth in Appendix C of the Local Rules. That notice alerted Johnson of the importance of responding to the summary judgment motion. It told him that if he did not respond, the court could accept the defendant's facts as undisputed, grant the motion for summary judgment, and dismiss the case without a trial. It also informed him that his response was due 28 days after the motion was served and that if he needed additional time to respond, that he could file a motion for an enlargement of time. The deadline for filing a response has now passed. Johnson has neither

responded nor sought additional time to do so. Therefore the motion is ripe and the court will now address it.

## Legal Standards

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir.1994) (citations and quotation marks omitted). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" the evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). To establish a genuine issue of fact, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial, not "simply show that there is some metaphysical doubt as to the material facts." *First Nat'l Bank of Cicero v. Lewco Secs. Corp.*, 860 F.2d 1407, 1411 (7th Cir. 1988) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). If the nonmoving party fails to establish the existence of an essential element on which it bears the burden of proof at trial,

summary judgment is proper. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006) (holding that a failure to prove one essential element necessarily renders all other facts immaterial).

In ruling on a motion for summary judgment, a court must view all facts in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). A court must avoid the temptation to "make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Summary judgment is not a substitute for a trial on the merits or a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Instead, the court's sole task in ruling on a motion for summary judgment is "to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Payne*, 337 F.3d at 770. If a reasonable factfinder could find in favor of the nonmoving party, summary judgment may not be granted. *Id.*

## Undisputed Facts

Johnson was a pretrial detainee in the A Cell Block at the Allen County Jail on May 31, 2010, and June 1, 2010. ECF 34-2 at 5. At approximately 8:30 p.m., on May 31, 2010, Officer J. Harber ordered the lock-down of A Cell Block for 24 hours because the inmates had refused to clean the cell block as ordered. ECF 34-1 at 1-2. Corporal Vance Pruden "was not responsible for or involved in the decision to lockdown inmates on A Block for twenty-four (24) hours." ECF 34-4 at 1. Though there are many other undisputed facts, because they are not material to the resolution of this summary judgment, they are omitted from this opinion.

**Legal Analysis**

"A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). There is no general *respondeat superior* liability under 42 U.S.C. § 1983. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Here, there is no evidence in the record that Corporal Pruden ordered the lock-down of A Cell Block. Therefore, no reasonable factfinder could conclude that Corporal Pruden punished Johnson without due process on June 1, 2010, in violation of the Fourteenth Amendment.

**Conclusion**

For the foregoing reasons, the court:

(1) **GRANTS** the motion for summary judgment (ECF 34); and

(2) **DIRECTS** the clerk to enter final judgment in favor of the defendants and against Joshua Mark Johnson.

**SO ORDERED**.

ENTERED: February 27 , 2012.

                                                      S/Roger B. Cosbey
                                                     Roger B. Cosbey,
                                                     United States Magistrate Judge